THIS OPINION IS A
PRECEDENT OF THE
TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA  22313-1451

al

Mailed:  September 16, 2010

Cancellation No. 92047859

Super Bakery, Incorporated

v.

Ward E. Benedict

**Before Bucher, Zervas, and Mermelstein,**
**Administrative Trademark Judges.**

By the Board:

On March 3, 2010, the U.S. Court of Appeals for the Federal Circuit vacated the Board's decision of August 18, 2009, in which the Board entered default judgment against respondent for his failure to comply with a Board order granting discovery sanctions and remanded the case for further consideration.  *Benedict v. Super Bakery, Inc.*, No. 2010-1085 (Fed. Cir. March 3, 2010).  The remand is for the purpose of considering the applicability of 37 C.F.R. Section 2.127(d) to the facts of this case.  *Id.* Slip Op. at 3.

*Background*

On April 22, 2008, because respondent had not responded to petitioner's discovery requests, petitioner filed a

combined motion to compel discovery responses and request for suspension of the proceeding. Respondent did not respond to the motion, and the Board issued an order on June 24, 2008, granting the motion to compel as conceded. *See* 37 C.F.R. Section 2.127(a) (unopposed motion may be treated as conceded). Pursuant to the order, respondent was allowed thirty days from June 24, 2008, to serve full and complete responses without objection to petitioner's first and second sets of interrogatories and first and second sets of requests for production of documents.

On August 4, 2008, petitioner filed a motion for default judgment as a sanction for respondent's failure to comply with the Board's June 24, 2008, order, alleging that the ordered discovery responses had not been served. Respondent responded to the motion on August 22, 2008, (almost two months after the Board issued its order compelling discovery), seeking reconsideration of the Board's order of June 24, 2008. On February 11, 2009, the Board denied respondent's motion for reconsideration as untimely. 37 C.F.R. Section 2.127(b) (request for reconsideration must be filed within one month of order or decision). The Board also found that while sanctions against respondent for failing to comply with the Board's order of June 24, 2008, were warranted, an entry of judgment was unwarranted at the time. As part of the ordered sanctions, the Board again

ordered respondent to provide full and complete responses to petitioner's discovery requests without objection within thirty days (i.e., by March 13, 2009).

Respondent did not respond to any of petitioner's discovery responses or otherwise comply with the Board's orders. On March 12, 2009, just one day before his discovery responses were due as set by the Board's February 11, 2009 sanctions order, respondent filed a motion for summary judgment.[1] On March 30, 2009, the Board issued an order suspending proceedings pending determination of respondent's motion.

In conjunction with its response to respondent's motion for summary judgment, petitioner filed a second motion for sanctions, asking the Board to enter judgment against

---

[1] The basis for respondent's summary judgment motion was that cancellation of the subject registration is barred under the doctrine of *res judicata* by virtue of the examining attorney's "decision" in the final office action issued with regard to petitioner's pleaded application Serial No. 78664774 (which is now before the Board in a separate appeal), in which the examining attorney found that there was a likelihood of confusion between petitioner's mark and respondent's registered mark. In its motion, respondent argued that this cancellation proceeding "is nothing more than an attempt by Petitioner to secure the same result that Petitioner tried and failed on the merits to secure" during the examination of petitioner's pending application.

 Respondent's motion is without merit. A decision by an examining attorney during examination of an application as to whether or not there is likelihood of confusion with another registered mark has no preclusive effect. *See, e.g., Cineplex Odeon Corp. v. Fred Wehrenberg Circuit of Theatres Inc.*, 56 USPQ2d 1538, 1541 (TTAB 2000) (citing *West Florida Seafood, Inc. v. Jet Rests., Inc.*, 31 F.3d 1122, 31 USPQ2d 1660, 1664 (Fed. Cir. 1994); *In re BankAmerica Corp.*, 231 USPQ 873 (TTAB 1986) (It is well-settled that the Board is not bound by the decisions of examining attorneys during ex parte examination.)

respondent pursuant to Trademark Rule 2.120(g), for its failure to comply with the Board's sanctions order. Noting that respondent had failed to respond to any of petitioner's discovery responses as twice ordered, the Board granted petitioner's motion on August 18, 2009, entered default judgment against respondent, and denied respondent's motion for summary judgment as moot. On appeal, respondent argued that because he filed a summary judgment motion, this proceeding, including his obligation to comply with the Board's discovery sanctions, should have been deemed suspended upon the filing of that motion.

*Analysis*

Trademark Rule 2.127(d) provides, in relevant part:

> When any party files … a motion for summary judgment, or any other motion which is potentially dispositive of a proceeding, the case will be suspended by the Trademark Trial and Appeal Board with respect to all matters not germane to the motion and no party should file any paper which is not germane to the motion except as otherwise specified in the Board's suspension order. If the case is not disposed of as a result of the motion, proceedings will be resumed pursuant to an order of the Board when the motion is decided.

The mere filing of a motion for summary judgment (or any other motion which is potentially dispositive of a case) does not, however, automatically suspend a proceeding. In fact, during the rulemaking process in 1998 the USPTO specifically considered and rejected a proposal to automatically suspend proceedings unpon the filing of a potentially-dispositive

4

motion.[2]  Rather, only an order of the Board formally suspending proceedings has such effect.  *See Giant Food, Inc. v. Standard Terry Mills, Inc.,* 229 USPQ 955, 965 (TTAB 1986); and *Consultants & Designers, Inc. v. Control Data Corp*., 221 USPQ 635, 637 n.8 (TTAB 1984).  Because the Board did not issue an order suspending this case pending disposition of applicant's motion for summary judgment until March 30, 2009, respondent was obligated to respond to petitioner's discovery requests as ordered by the Board by the March 13, 2009, deadline set by the Board.

In certain situations, the filing of a motion for summary judgment may serve as good cause for not responding to discovery requests.  It is our view, however, that in the

---

[2] The following exchange occurred during the USPTO's 1998 rulemaking process in response to a proposal to slightly modify 37 C.F.R. Section 2.127(d):

> *Comment*:  One organization suggested the section should be amended to provide that the filing of a potentially dispositive motion automatically suspends proceedings, without any action by the Board.

> *Response*:  The suggested modification has not been adopted. A variety of motions are potentially dispositive, including a motion for sanctions in the form of entry of judgment. Because of the number of situations in which a party may make a potentially dispositive motion, it is believed better for the Board to determine whether proceedings should be suspended based on the situation presented by the particular case.

Miscellaneous Changes to Trademark Trial and Appeal Board Rules (Final Rule), 63 Fed. Reg. 48,081, 48,094 (Sept. 9, 1998).  The USPTO thus explicitly considered – but did not adopt – a rule (or an interpretation of the existing rule) that would have automatically suspended proceedings upon the filing of a potentially-dispositive motion.  The Board's suspension practice under Section 2.127(d) has not changed in this regard since 1998.

circumstances of this case, the pendency of respondent's motion for summary judgment does not constitute good cause for not complying with the Board's order granting discovery sanctions. *See Giant Food, Inc., v. Standard Terry Mills, Inc.,* 229 USPQ at 962 (the Board found that the filing of applicant's motion for summary judgment was a "convenient afterthought to applicant's counsel" and did not constitute good cause for not timely responding to opposer's outstanding discovery requests). A party's obligations under a Board order specifically directing it to respond to discovery by a date certain upon pain of sanctions (or, in this case, further sanctions) is very different from the routine obligations arising from the service of discovery requests by an opposing party. Rather than providing justification for the failure to comply with the Board's order, the filing of respondent's clearly meritless motion for summary judgment just one day before respondent's discovery responses were due can only be viewed as an effort to further obstruct petitioner's rights to obtain discovery under the Board's rules, the Board's order compelling discovery, and the Board's order granting discovery sanctions.[3]

---

[3] Respondent admitted as much in his motion for summary judgment. See Motion at 3-4 (complaining about the "onerous processes of discovery," and seeking "to be heard without bearing the weight of the processes of discovery and trial...."). Regardless of respondent's characterization of its discovery burdens, that issue is foreclosed, as the Board has already entered an order compelling discovery, and an order granting discovery sanctions.

We acknowledge that respondent is proceeding *pro se*.  We further observe that while default judgment is sometimes considered a harsh remedy, it is justified "where no less drastic remedy would be effective and there is a strong showing of willful evasion."  See Trademark Trial and Appeal Board Manual of Procedure ("TBMP") Section 527.01(a) (2d ed. rev. 2004).  Respondent has been afforded multiple opportunities to comply with the Board's discovery rules and orders, but has not done so.  Petitioner filed its original motion to compel discovery more than two years ago, but has yet to see any of the discovery responses to which it is entitled.  There is no reason to assume that, given additional opportunities, respondent will fulfill his obligations as a party to this proceeding.

In summary, we find that Trademark Rule 2.127(d) did not effect an automatic suspension of this proceeding upon the filing of respondent's motion for summary judgment.  Accordingly, respondent's compliance with the Board's February 11 order was due on or before March 13, and was not affected by the filing of respondent's motion for summary judgment.

---

At this point, the issue is respondent's compliance with the Board's order granting discovery sanctions, not whether that order (or the earlier one compelling discovery) should have been entered in the first place.

Our decision here regarding the applicability of 37 C.F.R. Section 2.127(d) to the facts of this case does not change the conclusion reached in our original order entering judgment and granting the petition for cancellation, so we again enter judgment against respondent.

Registration No. 2966225 will be cancelled in due course.